**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| HUBERT DORCANT,<br><br>Plaintiff,<br>v.<br><br>INFINITI FINANCIAL SERVICES, et al,<br><br>Defendants. | Civil Action No.<br>2:07-CV-4052-WHW-SCM<br><br>**[D.E. 76]** |

<u>**REPORT AND RECOMMENDATION**</u>

STEVEN C. MANNION, United States Magistrate Judge.

**I.    INTRODUCTION**

Before the Court is its *sua sponte* Order to Show Cause why the complaint of plaintiff Dorcant (hereinafter "Plaintiff" or alternatively, "Dorcant") should not be dismissed for failure to prosecute and failure to advise the Court of his current address. (D.E. 76). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable William H. Walls, United States District Judge, has referred this matter to the undersigned for report and recommendation.

Having reviewed and considered the docket in this matter, it is respectfully recommended that Plaintiff's complaint be ***dismissed***.

1

## II. BACKGROUND

On August 23, 2007, this action was removed from the Superior Court of Essex County to this District Court by Defendant Infinity Financial Services ("Defendant"). (Docket Entry ("D.E.") 1, Notice of Removal). On May 8, 2009, the Honorable William H. Walls, U.S.D.J. stayed this action "until plaintiff is released" from imprisonment. (D.E. 64). It was then contemplated that Mr. Dorcant would serve a 41 month term commencing on March 23, 2009. (Id.).

This Court was subsequently advised that Mr. Dorcant had been released from prison and accordingly lifted the stay. (D.E. 68). The Court scheduled a status conference for April 20, 2012. (Id.). On April 23, 2012, the Honorable Madeline Cox Arleo, U.S.M.J. issued an Order vacating the Court's Order to lift stay due to the United States Attorney's representation that Mr. Dorcant was in ICE custody. (D.E. 72).

On February 4, 2013, this Court scheduled a status telephone conference for April 26, 2013 with the undersigned Magistrate Judge. (D.E. 74). Donald M. Garson, Esq. and William H. Grae, Esq. appeared for their respective client defendants. Plaintiff Dorcant did not appear and has not communicated with this Court.

Mr. Dorcant has also not provided this Court with his

current address. Correspondence sent to Mr. Dorcant's last known address by the Clerk of the Court was returned as undeliverable on four occasions. (See D.E. 69, 70, 73 and 77).

This Court later learned that while Mr. Dorcant was in ICE custody a *habeous corpus* petition was filed on his behalf on about March 29, 2012 in the United States District Court for the Middle District of Pennsylvania. (See Report and Recommendation, *Dorcant v. Holder*, 12-cv-573 (2013)). According to the Report, Mr. Dorcant is a Haitian national who has already "been removed from the United States and returned to Haiti." (Id.).

On April 29, 2013, this Court issued an Order to Show Cause advising that if Mr. Dorcant did not file papers before May 30, 2013, showing good cause why this case should not be dismissed, the District Court may dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and/or pursuant to Local Civil Rule 10.1(a) without further notice. (D.E. 76). To date, Mr. Dorcant has not filed any papers or updated his address.

III. **ANALYSIS**

As an initial point, the Court notes that a decision to dismiss is dispositive. Accordingly, the undersigned makes the following report and recommendation to the assigned United States District Judge.

### A. Local Civil Rule 10.1

The complaint in this matter may be dismissed by the District Court pursuant to Local Civil Rule 10.1(a) for Plaintiff Dorcant's failure to update his address with the Court upon being released from custody. Local Civil Rule 10.1(a) requires *pro se* parties to "advise the Court of any change in their [] address within seven days of being apprised of such change by filing a notice of said change with the Clerk." L. Civ. R. 10.1(a). Further, "[f]ailure to file a notice of address change may result in the imposition of sanctions by the Court"; and the parties being reminded that failure to comply with these directives may therefore lead to dismissal of the case.

### B. Federal Rule of Civil Procedure 41(b)

Additionally, the complaint in this matter may be dismissed by the District Court pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff Dorcant's failure to prosecute his claim upon being released from custody. Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to "prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, the Court for the Third Circuit outlined six factors that the courts must consider in determining whether dismissal with

4

prejudice is warranted:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

**C. Dismissal for Failure to Update Address is Appropriate**

The Court may dismiss an action without conducting the *Poulis* balancing test "when a litigant's conduct makes adjudication impossible." *McLaren v. N.J. Dep't. of Educ.*, 462 Fed. Appx. 148, 149 (3d Cir. 2012). A failure to provide a current mailing address may constitute such a conduct and warrant dismissal. *Id.* at 149; *Welch v. City of Philadelphia*, No. 11-4670, 2012 WL1946831, at *2-*3 (E.D.Pa. May 30, 2012). In *McLaren*, the Third Circuit Court held that dismissal for failure to provide an accurate address was appropriate because the District Court "had little choice as to how to proceed" and "an

5

order imposing [lesser] sanctions would only find itself taking a round trip tour through the United States mail." *McLaren*, 462 Fed. Appx. at 149 (*quoting Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988)). The District Court for the Eastern District of Pennsylvania utilized that reasoning in *Welch*. In *Welch*, the Court held that dismissal was warranted because the plaintiff left prison months ago but failed to notify the Court or the defendants of his new address. *Welch*, No. 11-4670, 2012 WL1946831 at *3.

In the instant case, it appears that Mr. Dorcant has been released from ICE custody and was deported to Haiti. All of the correspondence that has been sent to Mr. Dorcant's last known address has been returned to the Court marked "undeliverable." This Court is faced with the same dilemma as the courts for the Third District in *Mclaren* and the District Court for the Easter District of Pennsylvania in *Welch*. If this Court issues a lesser sanction, the order will just "take a round trip tour through the United States mail" and will come back to this Court. Accordingly, the only appropriate sanction in this matter is dismissal.

### D. Dismissal for Failure to Prosecute is Appropriate

Additionally, this Court finds that under the *Poulis* test,

dismissal is also warranted. As to the first factor, Mr. Dorcant is personally responsible for the failure to prosecute. A *pro se* plaintiff is personally responsible for the progress of his case. *Briscoe v. Klaus*, 583 F.3d 252, 258-59 (3d Cir. 2008). Although Mr. Dorcant vigorously pursued litigation prior to his incarceration in 2009, after he was released, he has not filed any papers and has not communicated with this Court. Mr. Dorcant also failed to provide this Court with his current address and as a result, the Court was not able to reach and advise Mr. Dorcant that his case may be dismissed. Because Mr. Dorcant is a *pro se* plaintiff, he is solely responsible for his failure to prosecute and notify this Court and/or the defendants of his new address. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

As to the second *Poulis* factor, Mr. Dorcant's failure to prosecute his cases and update his address is prejudicial to the defendants. In *Ware v. Rodale Press, Inc.*, the Third Circuit concluded that for the purpose of the *Poulis* analysis, prejudice "does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). In examining the prejudice prong, the Court should consider

"whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party.'" *Chiarulli v. Taylor*, No08-4400, 2010 WL 1371944 at *3 (quoting *Huertas v. City of Phila.*, Civ. A. No. 02-7955, 2005 WL 226149, at *3 (E.D.Pa. Jan 26, 2005), aff'd, 139 F. App'x 444 (3d Cir.), cert. denied, 546 U.S. 1076 (2005)). Here, the defendants are prejudiced because (1) they are unable to move forward with the case, and (2) they incurred, and if this case is not dismissed, will continue to incur additional costs. This case has been dormant for over three years due to Mr. Dorcant's imprisonment and detention by ICE. Once Mr. Dorcant was released, the defendants prepared a joint status letter and appeared for a status conference. Further, if this case is not dismissed, the defendants will be forced to file a formal motion with this Court and thus, incur additional attorneys' fees. Accordingly, this Court concludes that Mr. Dorcant's conduct was prejudicial and this factor heavily weighs in favor of dismissal.

Under the third *Poulis* factor, the Court is required to examine whether there is a pattern of dilatoriness. Here, there is no history of dilatoriness. Contrary, prior to his incarceration, Mr. Dorcant vigorously pursued his claims. While he was incarcerated, the Court stayed this action and Mr.

Dorcant was not required to proceed with his claims. A few months ago, Mr. Dorcant was released and as it appears was deported to Haiti. Mr. Dorcant's failure to update his address is the only evidence in support of dilatoriness. Because it has been only a few months, this Court finds that Mr. Dorcant did not have an opportunity to show either dilatoriness or due diligence. Accordingly, this Court cannot find a pattern of dilatoriness and this factor does not weigh in favor or against dismissal.

Under the third *Poulis* factor, the Court must determine whether Plaintiff's conduct was willful or in bad faith. In *Adams*, the Court held that "willfulness involves intentional and self-serving behavior." *Adams v. Trustees, N.J. Brewery Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994). However, "'negligent behavior' or 'failure to move … with dispatch' – even if 'inexcusable' – will not suffice to establish willfulness or bad faith." *Chairulli*, 2010 WL 1371944, at *3 (quoting Adams, 29 F.3d at 875). Mr. Dorcant's failure to update his address constitutes negligent behavior. However, because this Court has not heard from Mr. Dorcant, it does not know whether Mr. Dorcant has a reasonable excuse. But even if Mr. Dorcant does not have an excuse, under the reasoning in *Chairulli*, his negligent behavior is insufficient to "establish willfulness or bad

9

faith." Accordingly, this factor does not weigh in either favor or against dismissal.

The fifth *Poulis* factor that the court must analyze is the effectiveness of alternative sanctions. In the instant case, alternative sanctions are unlikely to be effective. This court notes that "'dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff.'" *Poulis*, 747 F.2d at 866 (quoting *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982)). An ultimate decision to dismiss with prejudice is discretionary and it "must be made in the context of the district court's extended contact with the litigant." *Miller v. Advocare*, LLC, No. 12-1069, 2013 WL 2242646, at *2 (D.N.J. May 21, 2013) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Here, lesser sanctions will be ineffective simply because the court does not have Mr. Dorcant's current address and thus, he will never receive the order. Accordingly, the only appropriate sanction is dismissal.

As to the sixth *Poulis* factor, the Court is required to determine meritoriousness of Plaintiff's claim. The standard for meritoriousness is whether "the allegations of the pleadings, if established at trial, would support recovery by the plaintiff." *Poulis*, 747 F.2d at 869-70. Further, the District Court is not

required to "have a mini-trial" at this stage of proceedings and "unless the pleading asserted a dispositive [] claim, the issue of meritoriousness would be neutral." *Hoxworth v. Blinder Robinson & Co., Inc.*, 980 D.2d 912, 922 (3d Cir. 1992). Here, this Court cannot conclude that Plaintiff's claims are with or without merit. Accordingly, this factor is not against or in favor of dismissal.

Although District Courts are required "to make explicit factual findings" pertaining to each *Poulis* factor, in order to dismiss a case, the Courts are not required to conclude that all factors point toward dismissal. *See Hoxworth v. Blinder Robinson & Co., Inc.*, 980 D.2d 912 (3d Cir. 1992). The *Poulis* test is a balancing test and no one factor is decisive. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221-222 (3d Cir. 2003) (citing *Hicks v. Feeney*, 850 F.3d 152, 156 (3d Cir. 1988)). Here, three out of six factors weigh in favor of dismissal. Mr. Dorcant is personally responsible for his failure to update his address and prosecute his claims, the defendants are prejudiced by Mr. Dorcant's conduct and an alternative sanction is unlikely to be effective. Accordingly, dismissal is warranted.

IV. <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned

11

recommends that Plaintiff's Complaint be **dismissed** for failure to prosecute and update his address.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/30/2013 1:30:17 PM

Date: July 30, 2013