NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUBERT DORCANT, <br>                 Plaintiff, <br><br> v. <br><br> INFINITI FINANCIAL SERVICES, et al., <br><br>                 Defendants. | **OPINION** <br><br> No. 2:07-cv-4052 (WHW-JAD) |

**Walls, Senior District Judge**

Before the Court is the Report and Recommendation of United States Magistrate Judge Mannion recommending that the Court dismiss the complaint of Plaintiff Hubert Dorcant ("Plaintiff"). ECF No. 78. The Court rejects Magistrate Judge Mannion's recommendation.

**FACTUAL BACKGROUND**

Plaintiff Hubert Dorcant filed this action in the Superior Court of Essex County under case number L-5497-07 on July 16, 2007.[1] On August 23, 2007, former defendant Infiniti Financial Services removed the action to this Court. ECF No. 1. In 2009, Plaintiff began serving a term of unrelated imprisonment and this Court stayed this action until his release. Order, May 8, 2009 (ECF No. 64). Magistrate Judge Arleo lifted the stay upon learning of Plaintiff's release, Letter Order, March 26, 2012 (ECF No. 68), but a month later vacated that order upon learning

---

[1] The parties have mentioned that this matter began in the Special Civil Part in Essex County. *See* Defs. Hugo Morin and Lynne's Infiniti's Mot. S.J., May 7, 2009 (ECF 62-1) at 2. But the first reference to this matter in Essex County records is the filing in the Law Division in July 2007. If the case in fact originated earlier than that, the parties should explain this.

1

that Plaintiff was in custody of immigration officials and was about to be deported to Haiti, Letter Order of April 23, 2012 (ECF No. 72). These letter orders were never received by Plaintiff; they were returned as undeliverable. ECF Nos. 69, 73. Each of those attempts appears to have been sent to the last address Plaintiff updated in ECF, 8 Lee Court, Apartment 2, Maplewood, NJ 07040.

On April 26, 2013, Magistrate Judge Mannion issued to Plaintiff a letter order to show cause why the case should not be dismissed. ECF No. 76. The Court mailed this correspondence to the 8 Lee Court address; it was returned as undeliverable. ECF No. 77. On July 30, 2013, Magistrate Judge Mannion issued a report and recommendation that dismissal of the action is appropriate under either Local Civil Rule 10.1(a), regarding a party's obligation to update his address, or Federal Rule of Civil Procedure 41(b), regarding involuntary dismissal for failure to prosecute. ECF No. 78. After applying the *Poulis* factors, he recommended that this Court dismiss the complaint. *Id.* The Report and Recommendation was also mailed to the 8 Lee Court address and was once again returned as undeliverable. ECF No. 79.

In considering the Report and Recommendation, it came to this Court's attention that 8 Lee Court was in fact not Plaintiff's last known address. On March 11, 2012, Plaintiff had sent a letter to the Clerk for the District of New Jersey, informing the Court of his new address at 4 Forest Road, Maplewood, NJ 07040 and referring to docket number 11-3614—but that was apparently an error, so the Clerk's office filed the letter under docket number 10-2756, another case that Mr. Dorcant had pending in this district before this judge. *Dorcant v. United States*, 2:10-cv-2756 (WHW), ECF No. 12. The letter does not refer to this matter, docket number 07-4052, so the address was not changed for this matter.

Because Mr. Dorcant is a pro se litigant, the Court forwarded Magistrate Judge Mannion's order to show cause and report and recommendation to the 4 Forest Road address, granting him until October 8, 2013 to object to the report and recommendation. Letter of Sept. 17, 2013, *Dorcant v. Infiniti*, 2:07-cv-4052 (WHW) (ECF No. 80). On October 3, 2013, the Court received a letter from Plaintiff, objecting to the Report and Recommendation and informing the Court of his new address in Haiti. Letter of Sept. 26, 2013 (ECF No. 81).

## STANDARD OF REVIEW

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). *See also* L. Civ. R. 72.1(c)(2).

Before a district court dismisses an action pursuant to Federal Rule of Civil Procedure 41(b), to ensure "that a party still has her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013), the court must consider the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *See Jackson v. U.S. Bankr. Court*, 350 F. App'x 621, 624 (3d Cir. 2009) (explaining "that each of the *Poulis* factors should be considered"). The six factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Knoll*, 707 F.3d at 409 n.2 (quoting *Poulis*, 727 F.2d at 868 (emphasis deleted)).

## DISCUSSION

Magistrate Judge Mannion's report relies mainly on Plaintiff's failure to update his address, as required by Local Civil Rule 10.1(a), and failure to prosecute his action, which is cause for dismissal under Federal Rule of Civil Procedure 41(b), to support his recommendation that this Court dismiss Plaintiff's case. In light of the fact that, once actually contacted at his last known address, the 4 Forest Road address, Plaintiff promptly informed the Court of his current address, in Haiti, and his intent to continue litigating, the Court finds that dismissal is not appropriate.

Magistrate Judge Mannion reported that three *Poulis* factors came out in favor of dismissal (Factors 1, 2 and 5), with three factors against (Factors 3, 4 and 6). He found that *Poulis* Factor 1 weighed in favor of dismissal because of Plaintiff's alleged failure to update his address; Factor 2 weighed in favor of dismissal because the continued delay of a long-pending case was causing prejudice to Defendants; that Factor 3 weighed against dismissal because Plaintiff had not demonstrated a history of dilatoriness; that Factor 4 weighed against dismissal because Plaintiff's conduct, even if negligent, did not rise to the level of willfulness or bad faith; that Factor 5 weighed in favor of dismissal because the court could not locate Plaintiff; and that Factor 6 weighed against dismissal because the court was not able to conclude whether Plaintiff's claims had any merit. R&R at 7-11. The Court agrees with Magistrate Judge Mannion's findings as to *Poulis* Factors 2, 3, 4 and 6, but disagrees that Factors 1 and 5 weigh in favor of dismissal. In light of the latest communication from Plaintiff, the Court finds that Factors 1 and 5 now weigh against dismissal.

*Poulis* Factor 1 addresses "the extent of the party's personal responsibility." As Magistrate Judge Mannion rightly pointed out, "[a] pro se plaintiff is personally responsible for

the progress of his case." Rep. & Rec. at 7. And yes, Local Civil Rule 10.1(a) requires that, "[U]nrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk." Plaintiff *did* advise the Court of his change in address by filing a notice with the Clerk, though he indicated the wrong docket number. While Plaintiff is responsible for that error and for generally failing to prosecute his case, he is not responsible for failing to respond to the order to show cause or object to the report and recommendation, mailed to an outdated address. When given the chance, he did so. This factor weighs against dismissal.

For *Poulis* Factor 5, Magistrate Judge Mannion found that no alternative sanctions are appropriate because "the court does not have Mr. Dorcant's current address and thus, he will never receive the order." *Id.* at 10. Now that the Court has Mr. Dorcant's current address, the case can proceed and alternative sanctions have become viable.

In sum, five *Poulis* factors now weigh quantitatively against dismissal and only one, Factor 2, weighs in favor. But any prejudice the Defendants may be suffering must be weighed against the Court's paramount interest that a party have his day in court and the strong preference for adjudicating cases on the merits. *See Knoll*, 707 F.3d at 410. Such analysis is qualitative.

If Plaintiff maintains an e-mail address where he can routinely, promptly and reliably be reached so that he may receive communications and submissions from the Court and Defendants, he is ordered to provide it to the Court.

Finally, the Court notes that Infiniti Financial Services has not been a party to this action for some time. In accordance with the accompanying order, the Court instructs the Clerk to update the case caption to read Hurbert Dorcant, Plaintiff, versus Lynne's Infiniti (Nissan City), Hugo Morin, and Nissan-Infiniti LT, Defendants.

## CONCLUSION

The report and recommendation is rejected.

Date: November 6, 2013

                                                **/s/ William H. Walls**
                                                United States Senior District Judge