CLOSE

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HUBERT DORCANT, | : : : : | |
| Plaintiff, | : : | **OPINION** |
| v. | : : | No. 2:07-cv-4052 (WHW-JAD) |
| LYNNE'S INFINITI (NISSAN CITY), et al., | : : : | |
| Defendants. | : : : : | |

**Walls, Senior District Judge**

Before the Court is the Report and Recommendation of United States Magistrate Judge Dickson recommending that the Court dismiss the complaint of Plaintiff Hubert Dorcant ("Plaintiff"), without prejudice, under Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37. ECF No. 88. The Court adopts Magistrate Judge Dickson's recommendation and dismisses this complaint without prejudice.

**FACTUAL BACKGROUND**

Plaintiff Hubert Dorcant filed this action in the Superior Court of Essex County under case number L-5497-07 on July 16, 2007. On August 23, 2007, former defendant Infiniti Financial Services removed the action to this Court. ECF No. 1. In 2009, Plaintiff began serving a term of unrelated imprisonment and this Court stayed this action until his release. Order, May 8, 2009, ECF No. 64. Magistrate Judge Arleo lifted the stay upon learning of Plaintiff's release, Letter Order, March 26, 2012, ECF No. 68, but a month later vacated that order upon learning that Plaintiff was in custody of immigration officials and was about to be deported to Haiti. Letter Order of April 23, 2012, ECF No. 72. Each of these letter orders was sent to 8 Lee Court,

**NOT FOR PUBLICATION**

Apartment 2, Maplewood, NJ 07040, the address Plaintiff had listed in ECF at the time. They were returned as undeliverable. ECF Nos. 69, 70, 73.

On April 26, 2013, Magistrate Judge Mannion issued to Plaintiff an order to show cause why the case should not be dismissed. ECF No. 76. The Court mailed this correspondence to the 8 Lee Court address; it was returned as undeliverable. ECF No. 77. On July 30, 2013, Magistrate Judge Mannion issued a Report and Recommendation concluding that dismissal of the action is appropriate under either Local Civil Rule 10.1(a), regarding a party's obligation to update his address, or Federal Rule of Civil Procedure 41(b), regarding involuntary dismissal for failure to prosecute. ECF No. 78. After applying the six factors described in *Poulis*, 747 F.2d 863, 868 (3d Cir. 1984), he recommended that this Court dismiss the complaint. *Id.* The Report and Recommendation was also mailed to the 8 Lee Court address and was once again returned as undeliverable. ECF No. 79.

In considering the Report and Recommendation, this Court learned that 8 Lee Court was in fact not Plaintiff's last known address. On March 11, 2012, Plaintiff had sent a letter to the Clerk for the District of New Jersey, informing the Court of his new address at 4 Forest Road, Maplewood, NJ 07040 and referring to docket number 11-3614. This docket number was incorrect, so the Clerk's office filed the letter under docket number 10-2756, another case that Mr. Dorcant had pending in this Court. *Dorcant v. United States*, 2:10-cv-2756 (WHW), ECF No. 12. The letter does not refer to this matter, docket number 07-4052, so the address was not changed for this matter.

Because Mr. Dorcant is a pro se litigant, the Court forwarded Magistrate Judge Mannion's Order to Show Cause and Report and Recommendation to the 4 Forest Road address, granting him until October 8, 2013 to object to the Report and Recommendation. Letter of Sept.

**NOT FOR PUBLICATION**

17, 2013, ECF No. 80. On October 3, 2013, the Court received a letter from Plaintiff, objecting to the Report and Recommendation and informing the Court of his new address in Haiti. Letter of Sept. 26, 2013, ECF No. 81.

On November 6, 2013, this Court issued an opinion, ECF No. 82, rejecting Magistrate Judge Mannion's Report and Recommendation. The opinion held that it would be improper to dismiss the case under *Poulis*, since, once actually contacted at his last known address, Plaintiff promptly informed the Court of his current address in Haiti and his intent to continue litigating. The order required Plaintiff to provide his current email address. ECF No. 83.

Magistrate Judge Dickson then issued a text order on January 24, 2014, scheduling a phone conversation for March 3, 2014, and requiring Plaintiff to update his contact information on the Court's electronic filing system. ECF No. 84. The order was also sent by certified mail to Plaintiff's address in Haiti. *Id.* Plaintiff did not appear at the telephone conference held on March 3, 2014. ECF No. 86. Magistrate Judge Dickson ordered him to explain why he did not appear, *id.*, and Defendants sent a copy of the order to Plaintiff by certified mail. ECF No. 87. Plaintiff did not respond.

On July 29, 2014, Magistrate Judge Dickson issued a Report and Recommendation, finding that Plaintiff's complaint should be dismissed without prejudice. ECF No. 88. The Report and Recommendation noted that Plaintiff had failed to appear at the telephone conference, had not provided the Court any reason for his absence, and had otherwise failed to respond to the Court's orders. On August 7, 2014, a copy of the Report and Recommendation, which had been mailed to Plaintiff at his last known address in Haiti, was returned to the Court as undeliverable. ECF No. 89. Plaintiff's letter of October 4, 2013 was the last time he

3

**NOT FOR PUBLICATION**

communicated with the Court; Plaintiff has not objected to the Report and Recommendation of Magistrate Judge Dickson that is currently before the Court.

## STANDARD OF REVIEW

Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders. *See* Fed.R.Civ.P. 16(f); Fed.R.Civ.P. 37(b)(2)(A)(v); Fed.R.Civ.P. 41(b); *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)).

Before a district court dismisses an action, to ensure "that a party still has her day in court," *Knoll*, 707 F.3d at 410, the court must consider the six factors adopted by the Third Circuit in *Poulis*, 747 F.2d at 868. *See Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624 (3d Cir. 2009) (explaining "that each of the *Poulis* factors should be considered"). The six factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Knoll*, 707 F.3d at 409 n.2 (quoting *Poulis*, 727 F.2d at 868 (emphasis omitted)). Although a district court must make findings of fact as to each of the factors, "it is not necessary that all of the factors point toward a default before that sanction will be upheld." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992).

**NOT FOR PUBLICATION**

## DISCUSSION

As to the first *Poulis* factor, Mr. Dorcant is proceeding pro se, and a pro se plaintiff is personally responsible for the progress of his case. *Briscoe v. Klaus*, 583 F.3d 252, 258-59 (3d Cir. 2008).

As to the second, a court may consider whether the party's conduct has resulted in "extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party." *Chiarulli v. Taylor*, No 08-4400, 2010 WL 1371944 at *3 (quoting *Huertas v. City of Phila.*, No. 02-7955, 2005 WL 226149, at *3 (E.D.Pa. Jan 26, 2005), aff'd, 139 F. App'x 444 (3d Cir.), cert. denied, 546 U.S. 1076 (2005)). Here, Plaintiff's conduct, in particular his lack of appearance at a court-ordered conference and silence as to court orders, has deprived Defendants of the opportunity to bring this case to a prompt resolution.

Plaintiff's conduct provides ample support for the presence of the third factor, a history of dilatoriness. Plaintiff has not had any contact with the Court in over 10 months. As Magistrate Judge Mannion noted in the first Report and Recommendation (ECF No. 78 at 4), Local Civil Rule 10.1(a) requires that "unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk." Failing to follow this rule may be grounds for dismissal of the action. *McLaren v. N.J. Dep't. of Educ.*, 462 Fed. Appx. 148, 149 (3d Cir. 2012).This Court's opinion in response to Magistrate Judge Mannion's Report and Recommendation put Plaintiff on notice of the need to be diligent in pursuing his lawsuit and the importance of keeping his contact information current. He was ordered to provide an email address, which he did not do. He has not appeared for a court-ordered phone conference, and he has failed to update his current address, such that

**NOT FOR PUBLICATION**

Magistrate Judge Dickson's Report and Recommendation for dismissal came back undeliverable. The Court does not have any other indication of where Plaintiff currently resides.

Nothing in the record suggests that Plaintiff's conduct is contumacious, so the fourth *Poulis* factor does not weigh against Plaintiff. As to the fifth factor, Magistrate Judge Mannion originally found that no alternative sanctions were appropriate because "the court does not have Mr. Dorcant's current address and thus, he will never receive the order." ECF No. 78 at 10. Plaintiff then sent correspondence indicating a new address, so this Court initially rejected that analysis. The address Plaintiff provided is no longer current. Magistrate Judge Mannion's initial analysis has become valid, and the fifth factor weighs against Plaintiff. Regarding the sixth factor, we assume arguendo that Plaintiff's claim is meritorious, i.e. that "the allegations of the pleadings, if established at trial, would support recovery by the plaintiff." *Poulis*, 747 F.2d at 869-70.

Even with the fourth and sixth factors on Plaintiff's side, Plaintiff's pattern of neglect, failure to comply with the Court's unambiguous orders and unavailability to the Court indicate a lack of intent to prosecute this case—especially when the responsibility for this conduct lies solely with him as a pro se litigant. The *Poulis* analysis, with all factors weighed together, favors dismissal.

## CONCLUSION

The Report and Recommendation of Magistrate Judge Dickson is accepted. Plaintiff's complaint is dismissed without prejudice.

Date: September 2, 2014

**NOT FOR PUBLICATION**

<u>**/s/ William H. Walls**</u>
United States Senior District Judge